IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SHARON BURNETTE, et al.,

    Plaintiffs,

v.                                Civil Action No. 3:10CV70

HELEN F. FAHEY, et al.,

    Defendants.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on October 25, 2010, and amended on October 27, 2010, the Court dismissed the action with prejudice because the Court concluded the Complaint was legally insufficient under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). On November 22, 2010, Plaintiffs filed a motion for relief under Federal Rule of Civil Procedure 59(e). In their Rule 59(e) motion, Plaintiffs request that the Court alter or amend its order of dismissal to be "without prejudice" in order to provide Plaintiffs an opportunity to amend their Complaint to comply with standards articulated by the Court in its October Memorandum Opinion.

## I. STANDARD OF REVIEW

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)(internal quotation marks omitted). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). The law does not permit use of Rule 59(e) motions "to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co., 148 F.3d at 403 (citing cases).

"'[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (alteration in original) (quoting Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985)). Accordingly, when a party seeks to amend his or her complaint after judgment has been entered, he or she must satisfy Rule 59(e) before being permitted to amend under Rule 15(a). Id. Leave to amend under Rule 15(a) "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009).

## II. ANALYSIS

In neither their initial Memorandum nor their Reply Memorandum supporting the Rule 59(e) Motion to Alter or Amend do Plaintiffs demonstrate a clear error of law or any other basis for granting Rule 59(e) relief. Apparently, Plaintiffs suggest that the Court committed a clear error of law when it dismissed their action with prejudice without first providing them an opportunity to amend their complaint. See Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999). A dismissal with prejudice is appropriate when, "the court is 'able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.'" Abbott v. SunTrust Mortg., Inc., No. 3:08cv665, 2009 WL 127858, at *5 (E.D. Va. Jan. 15, 2009) (quoting Ostrzenski, 177 F.3d at 253). That was the case here. As explained below, "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies]" noted by the Court. Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009)(internal quotations omitted).

Even if Plaintiffs' Rule 59(e) Motion was granted, a court may deny leave to amend under Rule 15(a) when such amendment would be futile.[1] Unlike in Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006),

---

[1] When a plaintiff seeks leave to amend his complaint, a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion. Williams v. Wilkerson, 90 F.R.D. 168, 171 (E.D. Va. 1981). Importantly, Plaintiffs did not attach a proposed amended complaint to its Motion after judgment was entered. This makes their case distinguishable from

3

where the court determined that the plaintiff's amended complaint was not futile because it specified a cause of action, Plaintiffs cannot "allege facts sufficient to state all elements of [their claim]" as required under law. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

The changes to the Complaint proposed by Plaintiffs in their Memorandum in Support are effectively limited to (1) narrowing the proposed class of Plaintiffs to include only individuals who were given as the sole reason for their denial of parole the "'nature and circumstances o[f] the crime'" for which they are incarcerated and (2) allegations of additional unspecified facts to support their contention that Defendants have failed to provide consideration for parole mandated by due process. (Pls.' Mem. in Supp. of Mot. to Alter or Amend J. at 4-5.) However, no removal of the named Plaintiffs nor allegation of additional facts can substantiate a claim because the amended complaint will still exclusively consist of Plaintiffs who received constitutionally sufficient statements concerning the reasons for denial of parole.

"At most . . . parole authorities must 'furnish to the prisoner a statement of its reasons for denial of parole.'" Vann

---

both Laber and Matrix Capital which Plaintiffs cite in support. In both instances, the parties seeking Rule 59(e) and Rule 15(a) relief submitted a proposed amended complaint to the court. Matrix Capital, 576 F.3d at 193; Laber, 438 F.3d at 414.

v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Franklin v. Shields, 569 F.2d 784, 801 (4th Cir. 1997) (en banc); citing Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986)); see also Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011) ("[T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."). Even now, Plaintiffs do not propose to amend their complaint in a way that affects the deficiency, whether certain named Plaintiffs received constitutionally sufficient due process. Because they cannot "allege facts sufficient to state all the elements of [their] claim," their proposed amendment, even if Rule 59(e) presents no issue, is futile. Bass, 324 F.3d at 765.

Accordingly, Plaintiffs' motion to alter or amend (Docket No. 25) will be DENIED. Defendants' motion in opposition to the motion to alter or amend judgment (Docket No. 29) will be GRANTED. William Church's "Motion to Be Added to this Class Action" (Docket No. 32) and "Motion for Permission to File for Injunctive Relief" (Docket No. 33) will be DENIED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to counsel of record.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 1, 2011
Richmond, Virginia

5